IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

SPENCER GOLDEN,

        Petitioner,

vs.

WARDEN, Federal Satellite Low,

        Respondent.

CIVIL ACTION NO.: CV209-068

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Spencer Golden ("Petitioner"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondents filed a Response, Petitioner filed a Traverse, and Respondent responded. For the reasons which follow, Petitioner's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Petitioner alleges that the federal Bureau of Prisons ("BOP") abused its discretion in establishing the length of time Petitioner will spend in pre-release custody. Respondent alleges that Petitioner failed to exhaust his administrative remedies prior to filing the instant petition, and, accordingly, his petition should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

Petitioner requests that this Court direct the BOP to reevaluate and reconsider his pre-release date, relying on the guidelines set forth in the Second Chance Act of

2007, which amended 18 U.S.C. §3624. (Doc. No. 1, p. 6). Prior to the enactment of the amendment, the Code gave the BOP the authority to transfer inmates into a Residential Re-entry Center ("RRC") for no more than six months at the end of their sentence. As a result of the amendment, that limit was raised to twelve months. Petitioner's requested RRC placement for a period of longer than six months was denied by his case manager.

Respondent contends that Petitioner did not complete the BOP's Administrative Remedy Program's requirements prior to filing the instant cause of action. (Doc. No. 6, p. 1). Respondent asserts that the exhaustion of administrative remedies is a necessary antecedent to filing a civil cause of action in federal court, and, because Petitioner failed to meet this condition, his petition should be dismissed. (Id.). Petitioner contends it would be futile to follow the administrative remedy process because the BOP has "predetermined" the length of his stay, and his exhaustion of administrative remedies would be a useless exercise. (Doc. No. 7, pp. 2-3).

"[P]risoners seeking habeas relief, including relief pursuant to [28 U.S.C.] § 2241," must exhaust all available administrative remedies. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004). If a petitioner fails to exhaust his administrative remedies before seeking redress in the federal courts, the court should dismiss the case for want of jurisdiction. Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)). "Also jurisdictional is '[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.'" Id. (quoting Boz v. United

States, 248 F.3d 1299, 1300 (11th Cir. 2001)). The responsibility for computing a sentence lies with the BOP. Gonzalez, 959 F.3d at 212.

"The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court." Id. According to these regulations, an inmate shall attempt to resolve any issue he may have informally. 28 C.F.R. § 542.13(a). An inmate dissatisfied with the informal request resolution can file a grievance with the Warden, and the Warden has 20 days to respond. 28 C.F.R. §§ 542.14(a) and 542.15(a). If the inmate is not satisfied with the Warden's response, he may file an appeal with the Regional Director. 28 C.F.R. § 542.15(a). Finally, if the inmate is not satisfied with the Regional Director's response, he can file an appeal with the General Counsel for the Federal Bureau of Prisons. Id.

The evidence before the Court reveals Petitioner did not file an administrative remedy request addressing his claim. (Doc. No. 6-2). Petitioner's assertion that exhausting his administrative remedies would be futile is unavailing. See Hicks v. Jordan, 165 F. App'x 797, 799 n.2 (11th Cir. 2006) (reasoning that compliance with statutory exhaustion requirements is not satisfied by a judicial conclusion that these requirements need not apply due to futility). Petitioner was required to exhaust his administrative remedies prior to filing his § 2241 petition, and he failed to do so.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**, without prejudice, based on Petitioner's failure to exhaust his administrative remedies prior to filing the instant petition.

**SO REPORTED** and **RECOMMENDED**, this 3rd day of November, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE